Boston Relief & Submarine Company *vs.* Joseph Burnett.

A denial in the answer of each and every allegation in the declaration, except certain speci-
fied averments, which are admitted, makes it incumbent on the plaintiff to prove all his
material averments except those which are thus admitted.

Hoar, J. This is an action of contract to recover assessments
upon shares in the capital stock of the plaintiff company, which
had been subscribed for by the defendant. The declaration sets
forth a written contract by the defendant to take certain shares
of the stock, a copy of the contract being annexed thereto, and
avers a promise by the defendant to pay ten dollars for each
share according to the terms of the contract, and that assess-
ments were duly laid upon the shares according to the contract.
The answer admits the signature of the defendant to the con-
tract, and that he thereby undertook to take the shares, but
denies a promise to pay ten dollars for each share; and further
" denies each and every allegation in the plaintiffs' writ and
declaration contained except as aforesaid, and leaves the plain-
tiff to prove the same." The presiding judge at the trial ruled
that, under these pleadings, the plaintiffs were bound to prove
that the assessments were duly laid. The plaintiffs except to
this ruling on the ground that, the declaration having alleged
" with substantial precision and certainty," that the assessments
were duly laid, and this allegation of a substantive fact not be-
ing denied by the answer " in clear and precise terms," it should
have been deemed to be admitted. *St.* 1852, *c.* 312, § 26.

We are of opinion that the ruling was right, and that the ex-
ception cannot be sustained. The denial is of each and every
allegation in the declaration except those which had been ex-
pressly admitted; and there seems in this case nothing to which
this denial could apply except the allegations in relation to the
assessments. But upon more general grounds we should come
to the same conclusion. Where " each and every allegation " is
denied, the denial is none the less clear and precise in its appli-
cation to each than it would be if the allegations were repeated

in detail, and a formal denial made to each of them. It is not a mere negative of the result of the plaintiffs' averments, taken collectively, involving simply a denial of their united legal effect, and so constituting a " general issue." The difference between what the practice act requires in an answer, and the " general issue" which it abolished, has been fully stated in several recent cases. *Granger* v. *Ilsley,* 2 Gray, 521. *Middlesex Company* v *Osgood,* 4 Gray, 447. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Haskins* v. *Hamilton Ins. Co.* 5 Gray, 432. *Bradford* v. *Tinkham,* 6 Gray, 494.

We can imagine that so concise and comprehensive a form of denial, if commonly adopted, might lead to abuses ; and are not surprised to find a difference of opinion as to its admissibil- ity existing among judges at *nisi prius.* If any attorney should adopt it, where he was not instructed by his client that there were sufficient grounds to contest all the averments to which it would apply, the practice would be highly censurable and in- consistent with professional duty. It would also be in the power of the court, where there could be any doubt as to the facts thus put in issue, to require, upon the plaintiffs' motion, a more exact and detailed answer, or to postpone the trial on the ground of surprise. But, in the absence of any rule or order of the court upon the subject, we cannot regard this form of denial as so destitute of precision and certainty as to be equivalent to an admission of any substantive fact alleged in the declara- tion.                                                 *Exceptions overruled.*

*E. F. Hodges,* for the plaintiffs.

*F. W. Palfrey,* ( *G. S. Hillard* with him,) for the defendant.